FILED

Oct 07 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MDL No. 2975 - **IN RE: UNITED SPECIALTY INSURANCE COMPANY SKI PASS INSURANCE LITIGATION**

CONSENT OF TRANSFEREE COURT

The United States District Court for the Northern District of California hereby consents to the assignment of the actions involved in the above-described litigation to the Honorable Yvonne Gonzalez Rogers for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

In the event that reassignment of this litigation to another judge becomes necessary, such reassignment shall take place in accordance with Section 1407(b) and Panel Rule 2.1(e).

_____
Chief Judge

Date: 10/01/2020

PLEASE **FAX** OR **EMAIL** THE SIGNED FORM TO:

Mr. John W. Nichols, Clerk of the Panel, Judicial Panel on Multidistrict Litigation @ **fax number 202-502-2888** or email address MDLPanelOrders/JPML/DCA/JPML/USCOURTS.

**THIS ASSIGNMENT IS CONFIDENTIAL UNTIL THE ORDER OF TRANSFER IS FILED BY THE PANEL**.

**SHOULD REASSIGNMENT BECOME NECESSARY, PLEASE CONTACT THE PANEL EXECUTIVE, Thomasenia P. Duncan, at 202-502-2800**.

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: NATIONAL SKI PASS
INSURANCE LITIGATION**                                                    MDL No. 2955

**TRANSFER ORDER**

      **Before the Panel**: Plaintiff in the Eastern District of Arkansas *Bradley* action moves under 28 U.S.C. § 1407 to centralize this litigation involving insurance claims under policies issued by two competing insurers that were purchased alongside seasonal or multi-day ski passes. The passes covered skiing at properties affiliated with two different resorts (Vail and Alterra) that were closed in response to the COVID-19 pandemic. Plaintiff seeks centralization in the Eastern District of Arkansas or, alternatively, the Southern District of West Virginia. Plaintiff's motion included seven actions pending in six districts, as listed on Schedules A and B, as well as five potential tag-along actions in five districts.[1]

      The parties' positions on centralization vary. Responding defendants oppose an industry-wide MDL. Arch Insurance Company and Out of Towne, LLC d/b/a Red Sky Travel (collectively, Arch) oppose industry-wide centralization, but they support an Arch-only MDL in the District of New Jersey. USIC defendants[2] argue that if a USIC-only MDL is created over their opposition, it should be centralized in the Northern District of California.

      At oral argument, moving plaintiff stated that he no longer seeks centralization on an industry-wide basis. Instead, plaintiff suggests that we create an Arch-only MDL in the Western District of Missouri and a USIC-only MDL in the Eastern District of Arkansas. Plaintiff in the District of Utah *Mair* potential tag-along action (against USIC) supports industry-wide centralization in Eastern District of Arkansas, or alternatively centralization of USIC claims in the same district. Responding plaintiffs in five cases oppose industry-wide centralization. Plaintiffs in the Western District of Missouri *Rossi* action (against Arch) and the District Colorado *Hoak* action (against USIC) support centralization of Arch actions in the Western District of Missouri and USIC actions in the District of Colorado. Plaintiff in the District of New Jersey *Osborn* action (against Arch) supports centralization of actions against Arch in the District of New Jersey. Plaintiffs in the Northern District of California *Hunt* action (against USIC) support a USIC-only MDL in that district, and an Arch-only MDL in the District of New Jersey.

---

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] United Specialty Insurance Company, broker Beecher Carlson Insurance Services, LLC, and claims processor American Claims Management Inc. (collectively, USIC).

-2-

Plaintiff in the Western District of Texas *Tourgee* action (against USIC) supports creation of a USIC-only MDL in the Eastern District of Arkansas.

After considering the argument of counsel,[3] we find that few efficiencies would be gained by creating an industry-wide MDL that combines claims against the USIC and Arch defendants. Any general factual commonality across the actions appears to be superficial at best. We view requests to centralize claims filed against multiple, competing defendants in a single MDL with a skeptical eye because doing so usually adds few efficiencies and does not serve the convenience of the parties and witnesses. *See, e.g., In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377 (J.P.M.L. 2012) (denying centralization, noting "we are typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products").

Moving plaintiff abandoned his request for industry-wide centralization, but plaintiff in a potential tag-along action in the District of Utah (*Mair*) still supports it. Defendants Arch and USIC are separate businesses that sold different, albeit similar, policies covering the Vail (USIC) and Alterra (Arch) ski passes. There are no allegations of a conspiracy and no defendant is named in an action alongside its competitor. Despite a common precipitating event – the COVID-19-related closure of ski resorts – creating an MDL for all defendants would seem to complicate rather than streamline pretrial proceedings. Plaintiff has not persuaded us that an industry-wide MDL is necessary, or even desirable, so we deny this request.

We do find merit however in the parties' request for the creation of defendant-specific MDLs, against Arch and USIC because the respective actions against these defendants involve common questions of fact. Centralization of actions against Arch in the Western District of Missouri and actions against USIC in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions against each defendant involve common factual issues arising from putative and overlapping nationwide or statewide class actions alleging that the insurers wrongfully denied policy holders' claims following the closure of ski resorts as a result of the COVID-19 pandemic. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary.

While some plaintiffs and USIC have suggested Section 1404 transfer or motions under the first-to-file rule as an alternative to centralization, no such motions have been filed to date. Attorneys for plaintiffs in two actions state they have reached out to other plaintiffs' counsel in an effort to achieve informal coordination, but those efforts do not appear to have been productive. Given the number of suggested transferee districts and competing counsel, it does not seem that the parties have arrived upon a single forum in which they agree to proceed. This stands in contrast to the resolution the parties reached in the withdrawn motion to centralize in MDL No. 2943 – *In re: National Ski Pass Refund*

---

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of September 24, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2955 (J.P.M.L. September 8, 2020), ECF No. 68.

-3-

*Litigation*. There plaintiffs all agreed to proceed with their claims seeking refunds from ski resorts Vail and Alterra in the District of Colorado. Most plaintiffs here and Arch support creation of an Arch-only MDL. USIC prefers informal coordination of the claims against it. But there are now six actions pending against it in as many districts, which makes the process of coordinating the USIC actions more complicated. In these circumstances, centralization is appropriate.

We are persuaded that the Western District of Missouri, where two cases are pending against Arch, is an appropriate transferee district. Arch is a Missouri corporation with its principal place of business in the District of New Jersey. We are confident that Judge Brian C. Wimes, who has not yet had the opportunity to preside over an MDL, will steer this litigation on a prudent course.

We are persuaded that the Northern District of California, where a USIC action is pending and where USIC's claims processor American Claims Management Inc., is based, is an appropriate transferee district. USIC alternatively supports centralization in this district. Centralization before Judge Yvonne Gonzalez Rogers allows us to assign this litigation to an able jurist who has experience presiding over complex, multidistrict litigation.

IT IS THEREFORE ORDERED that centralization of the actions listed on Schedule A and Schedule B in a single docket is DENIED.

IT IS FURTHER ORDERED that the actions listed on Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Brian C. Wimes, for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that the actions listed on Schedule B and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule B.

IT IS FURTHER ORDERED that the caption of the litigation listed on Schedule A against Arch is hereby renamed as *In re: Arch Insurance Company Ski Pass Insurance Litigation* and shall proceed as MDL No. 2955.

-4-

IT IS FURTHER ORDERED that the caption of the litigation listed on Schedule B against USIC is hereby renamed as *In re: United Specialty Insurance Company Ski Pass Insurance Litigation* and shall proceed as MDL No. 2975.

                PANEL ON MULTIDISTRICT LITIGATION

                _____
                      Karen K. Caldwell
                           Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: NATIONAL SKI PASS**
**INSURANCE LITIGATION** MDL No. 2955

## SCHEDULE A

<u>Western District of Missouri</u>

ROSSI v. ARCH INSURANCE COMPANY, C.A. No. 4:20‑00411
JACKSON v. ARCH INSURANCE COMPANY, ET AL., C.A. No. 4:20‑00496

<u>District of New Jersey</u>

OSBORN v. ARCH INSURANCE COMPANY, ET AL., C.A. No. 2:20‑06345

<u>District of Utah</u>

PARKER v. ARCH INSURANCE, ET AL., C.A. No. 2:20‑00377

**IN RE: NATIONAL SKI PASS**
**INSURANCE LITIGATION** — MDL No. 2955

### SCHEDULE B

<u>Eastern District of Arkansas</u>

BRADLEY v. UNITED SPECIALTY INSURANCE COMPANY, C.A. No. 4:20−00520

<u>Northern District of California</u>

HUNT v. THE VAIL CORPORATION, C.A. No. 4:20−02463

<u>District of Colorado</u>

HOAK v. UNITED SPECIALTY INSURANCE COMPANY, C.A. No. 1:20−01152